Per Curiam.
In this case, after a careful perusal of the whole evidence, we are of the opinion there was no ground for the claim that the deceased, John Jones, at the time of the execution of these deeds, occupied such a confidential relation towards defendant, Morgan Jones, as to create a presumption arising from the fact of such relations that the transaction resulting in the execution of the deeds was a fraud and, therefore, void. Hence, there was no error in the charge of the learned court as to the burden of proof, when he said that if the evidence before the jury was of even balance, whether the grantor had a disposing mind, the verdict must be for the defendant.
The plaintiff claimed as heir at law of John Jones. If the relations between the parties to the deeds were not confidential, so as to create a presumption of fraud in the transaction and, therefore, calling for a full explanation and proof that it did not exist, then upon proof of the due execution of the deeds the defendant could rest his claim, and it would be for the plaintiff to overthrow it by evidence. Sanity and ability to transact business are the usual and ordinary conditions of grown men, and he who asserts a lack of ability on the part of a grantor to execute a deed whose due execution is prima facie shown, must prove that lack of ability by a preponderance of evidence. This is an old rule and well known. Jackson v. King, 4 Cow., 207.
The many cases cited by the learned counsel upon the question of what will constitute these confidential relations, we do not war with.
Such relations may undoubtedly exist outside of those arising from the position of guardian and ward, attorney and client, pastor and churchman, physician and patient and the like. Cowee v. Cornell, 75 N. Y., 91; Fisher v. Bishop, 108 id., 25; 13 St. Rep., 466, and many other cases.
The evidence in this case shows, as it seems to us, an entire absence of those facts upon which confidential relations can be predicated, and an entire absence of any influence whatever proved, or to be inferred, on the part of Morgan Jones upon John Jones with regard to this transaction.
In such case the ordinary presumption attaches as to the validity of the deed and the disposing capacity of the grantor upon proof of the due and proper execution of the instrument, and the burden rests with the party attacking the deed to prove his case.
There being no confidential relations, the case contains no sufficient evidence of any other undue influence to warrant the submission of that fact to the jury.
The other ground for a new trial lies in the charge of the judge that these deeds, if valid, were absolute and no question as to their being intended as a mortgage arose in the case.
*77 In this, we think, the court below correctly decided. A careful reading of the evidence convinces us there was not enough to be submitted to a jury to permit them to find there was any such agreement or understanding. "
" Sheridan’s evidence as to his manner of bookkeeping and the fact that sometimes, after the execution of the deeds, John Jones collected some of the rents under the circumstances proved, constitute substantially the only testimony in the case which the appellant claims tends to prove the existence of any such agreement or understanding. The declarations said to have been made by John Jones subsequent to the execution and delivery of the deeds were not admissible for the purpose of proving this fact, and, if admitted, they are not sufficient even when taken in connection with the rest of the testimony to make out the claim as to a mortgage.
These are the chief points alluded to for the purpose of procuring a reversal. We have read the opinion delivered at the general term, and are entirely satisfied that the case has been correctly disposed of.
The judgment must be affirmed, with costs.
All concur.